UNITED STATES DISTRICT COURT
OF MARYLAND

MICHELLE DAVIS

    Plaintiff,

V.                                                        CIVIL ACTION NO

GLOBAL CREDIT & COLLECTION CORPORATION

    Defendant.

COMPLAINT

I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. § 1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Baltimore, MD.

4. At all times material hereto, Defendant was doing business in Maryland.

5. At all times material hereto, Defendant, was acting like a debt collector with a principal place of business located at SUITE 100, 300 INTERNATIONAL DRIVE, WILLIAMSVILLE, NY 14221 without the proper collection agency's license as required by Maryland Code Annotated, Business Regulations § 7-101 et seq. (Collection Agency Law)

6. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

7. On or about August 12, 2015, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent credit card account. (See Exhibit 1).

8. Defendant stated the amount due and owing was $6,773.49.

9. Defendant failed to communicate clearly and fairly information about the amount of the debt to the Plaintiff. This includes how the total amount due was determined.

10. The FDCPA requires the Defendant (debt collector) to state the total amount due, interest and other charges as well as principal on the date the dunning letter was sent.

## V. DEFENDANTS' PRACTICES

11. It is or was the policy and practice of Defendant to communicate with Maryland consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead consumers in violation of the FDCPA §1692e.

12. Defendant failed to obtain a Collection Agency License in MD as required by the MD Department of Financial Regulation. Maryland Code Annotated, Business Regulations § 7-101 et seq. (Collection Agency Law)

13. Defendant is a foreign corporation and failed to stay current with the State of Maryland Department of Assessment and Taxation. Defendant forfeited its license to do business in Maryland. For a non-Maryland entity it means its authority to do business and legal presence here has been terminated.

# VI. ALLEGATIONS OF LAW

## A. General

14. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

15. At all times material hereto, "Citibank N.A.", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

16. At all times material hereto, the amount purportedly owed to "Citibank N.A" represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

## A. Unlawful Claim

14. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

15. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

16. Plaintiff is entitled to an award of costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;

2. An award of costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

3. Such other and further relief as the Court may deem just and equitable.

THE PLAINTIFF

BY/S/<u>Bernard T. Kennedy</u>
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 673
Blairsville, GA 30514
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
<u>bernardtkennedy@yahoo.com</u>



**GLOBAL**
CREDIT & COLLECTION CORP

August 12, 2015



PLAINTIFF'S EXHIBIT
1

56909-12*17**********AUTO**MIXED AADC 350
MICHELLE J DAVIS
6408 Rosemont Ave
Baltimore MD 21206-1834

Global Credit & Collection Corp.
5440 N Cumberland, Suite 300
Chicago, IL 60656
1-855-601-0375

| Client: | Citibank, N.A. |
|---|---|
| Global ID: | 31441555 |
| Amount Due: | $6,773.49 |
| Web Password: | LZiHvUIEuM |

Dear Michelle J Davis,

Your CITI MASTERCARD account remains outstanding with our office. We understand that you may be going through some financial hardship and as such, if you respond within 10 days of this notice, we are willing to accept one of the following options to finally help you resolve this issue:

**OPTION 1**
We are willing to accept $1693.37 in one payment to settle this account in full. This will save you $5080.12 (75% off your current balance)!

**OPTION 2**
If you would like to settle, but don't have it all up front, we can offer you $2709.40 in twelve equal payments: that means you will be paying $225.78 per month. This will save 60% off your current balance.

**OPTION 3**
If you cannot settle the balance, we may be able to negotiate an alternate payment arrangement that can fit you budget. Please call us today at 1-866-277-1877.

Be advised that we are not obligated to renew this offer, and all payments must be made within 30 days of one another. All payments mailed to this office should be payable to *Citibank, N.A.*. For your convenience payments may be processed electronically over the telephone at no additional cost.

For your convenience please visit our self service website at https://servicing.globalcollection.net. Once logged in you will have several options such as setting up payments and viewing account details. Use your Global ID and web password LZiHvUIEuM.

Sylvia Lopes
1-866-277-1877

Whenever $600.00 or more in principal of a debt is discharged as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
**Detach and Return Bottom Portion with Payment**